## Case No. 10,188.

NEWTON'S CASE.

[2 Cranch, C. C. 467.] [1]

Circuit Court, District of Columbia. April Term, 1824.

INSOLVENCY — TRIAL OF ISSUE — SHOWING AS TO CREDITOR'S INTEREST—AMENDMENT OF ALLEGATIONS AFTER JURY SWORN—FORM OF JUDGMENT AGAINST DEBTOR.

1. Upon trial of the issue upon allegations filed against an insolvent debtor, it is incumbent upon the persons filing the allegations, to show that they are creditors of the insolvent.

2. After the jury is sworn, the court will not permit the allegations to be amended by inserting the name of another creditor.

3. The judgment upon verdict against the debtor, is, "that he be precluded from any benefit under the act entitled," &c.

[Cited in McClean v. Plumsell, Case No. 8,-693.]

Walter Newton had applied to one of the judges of this court on the 19th of February, 1822, to be discharged under the insolvent act of the 3d of March, 1803 (2 Stat. 237), and obtained his discharge on the 4th of March, 1822.

Mr. Key, in behalf of Ann Key and Bernard Spaulding, claiming to be creditors of Newton, on the 17th of February, 1824, filed allegations against him, charging: 1. That by a deed to Clement Newton, dated December 5th, 1821, he had conveyed away a large part of his property with intent to defraud his creditors. 2. That by the said deed he had assigned and conveyed the property therein mentioned, with intent to give a preference to the said Clement Newton as a creditor or surety of the said Walter Newton. 3. That he had disposed of a cart with intent to defraud his creditors.

After the jury was sworn to try the issues joined upon these allegations, Mr. Jones, for the defendant, objected that Mrs. Key and Mr. Spaulding were not creditors.

Mr. Key contended that it was too late to make the objection after the jury was sworn.

Mr. Jones. The proceeding up to the time of joining issue is ex parte. It is a summary proceeding, and the forms of pleading are dispensed with. The objection as to the time of calling upon the plaintiffs to show their right to question the validity of the defendant's discharge, rests only upon the technical rule of formal special pleading. But such technical rules do not apply to this summary trial. The plaintiffs must show their right to file allegations, and to call upon the debtor to answer them.

THE COURT (THRUSTON, Circuit Judge, contrà) decided that the plaintiffs must, as part of their title to litigate, show that they were creditors of the debtor at the time of his discharge. The plea of not guilty, obliges the plaintiffs to make out their right to sue.

Mr. Key then asked leave to insert, in the allegations, the name of another creditor; one whose name had been returned as a creditor in the debtor's schedule.

THE COURT (MORSELL, Circuit Judge, contrà) was at first inclined to grant the leave, but upon further argument and reflection, refused. (THRUSTON, Circuit Judge, contrà.)

Mr. Key, saying that he did not anticipate such an objection, asked for time till to-morrow to show that Mrs. Key and Mr. Spaulding were creditors of Newton at the time of his discharge.

THE COURT (MORSELL, Circuit Judge, contrà) granted Mr. Key's request.

The jury, on the next day, found the defendant guilty, and the COURT ordered the following entry to be made on the minutes: "Whereupon, it is considered by the court, that the said Walter Newton be precluded from any benefit under the act entitled, 'An act for the relief of insolvent debtors within the District of Columbia.'"